# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:07-CV-1110-VEH |
| | ) |
| $118,020.00 IN UNITED STATES CURRENCY, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Before the Court are the following motions:

1. Plaintiff's Motion to Strike Claim of Artago Wilson for Lack of Standing or, in the Alternative, Motion for Summary Judgment (doc. 27), filed July 9, 2010.

2. Plaintiff's Motion to Strike Claim of Tamika Wilson for Lack of Standing or, in the Alternative, Motion for Summary Judgment (doc. 28), filed July 9, 2010.

3. Motion of Claimant Artago Wilson for Summary Judgment (doc. 33), filed July 23, 2010.

For the reasons discussed below, the Court finds that the Plaintiff's Motion to Strike Claim of Tamika Wilson for Lack of Standing is due to be **GRANTED**; Plaintiff's Motion for Summary Judgment on Artago Wilson's claim is due to be **GRANTED**; and the Claimant's Motion for Summary Judgment is due to be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On June 13, 2007, the Plaintiff, the United States of America, filed this *in rem* forfeiture action pursuant to 21 U.S.C. § 881(a)(6), "alleging that the named defendant $118,020.00 in U.S. currency represented the proceeds of illegal drug activity." (Pl.'s Memo. of Law in Supp. of its Motions to Strike Claims (doc. 29, p. 2, citing Compl.), filed July 9, 2010; Compl., doc. 1, pp. 2-3, filed June 13, 2007)). The defendant currency was seized by officers with the Birmingham, Alabama, Police Department on January 25, 2007, when they executed a search warrant on Room 315, Eastwood Motel, in Irondale, Alabama. (Compl., p. 2). During the search, the officers seized the defendant $118,020.00 in U. S. currency which was located inside a game box. (Compl., p. 2). The officers also seized "a shotgun, a set of digital scales, [and] approximately three to five grams of cocaine base ('crack')." (Compl., p. 2). Though the room was not occupied at the time of the search, the room was rented to Claimant Artago Wilson beginning on January 19, 2007, and was paid through January 26, 2007. (Compl., p. 2).

Claimant Artago Wilson subsequently pleaded guilty to reckless manslaughter in the death of James Young and to possession of illegal drugs. (Artago Wilson's Resp. to Requested Admis., doc. 18, ¶¶ 10, 11, filed March 25, 2010). The defendant currency was kept in a Playstation 3 game box in Artago Wilson's motel room prior

to the time that Artago Wilson killed James Young. (Artago Wilson's Resp. to Requested Admis., doc. 18, ¶ 3). Artago Wilson had "arrests and/or convictions for drug-related offenses" prior to the time that he killed James Young. (Artago Wilson's Resp. to Requested Admis., doc. 18, ¶ 13).

Artago Wilson and his sister, Tamika Wilson, both filed Answers in this case, claiming an interest in the defendant currency. (Artago Wilson's Answer, doc. 4, p. 1, filed July 19, 2007; Tamika Wilson's Answer, doc. 7, p. 1, filed July 23, 2007). Artago Wilson contends that "these sums of currency were earned by him in a pursuant [sic] of lawful occupations and are not the proceeds of any trade in illegal drugs." (Statement of Interest in Prop., ¶ 2, (doc. 4, p. 5), filed July 19, 2007). Tamika Wilson likewise contends that "these sums of currency seized were earned and received by her through legal means and are not the proceeds of any trade in illegal drugs." (Statement of Interest in Prop., ¶ 2 (doc. 6, p. 1), filed July 20, 2007). Both Artago Wilson and Tamika Wilson also claimed an interest in only $70,000 of the Defendant $118,020.00 in U. S. Currency. (Artago Wilson's Answers to Interog., p. 2 and Tamika Wilson's Answers to Interog., p. 2, Exs. D and I, respectively, doc. 30, Pl.'s Evid. Submission in Supp. of Mot. to Strike, filed July 9, 2010).

## SUMMARY JUDGMENT STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See, e.g., Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See, e.g., Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023. If the

evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; *i.e.* facts that would entitle it to a directed verdict if not controverted at trial. *See Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden

of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of any evidence in the record in support of a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it requires the movant to point out to the court that there is an absence of evidence to support the non-moving party's case. *See Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. *See Lewis v. Casey*, 518 U.S. 343 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

I.      <u>Do the Claimants, Artago Wilson and Tamika Wilson, have standing?</u>

"'[S]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.'" *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (citations omitted). "A claimant must

satisfy both the requirements of Article III standing as well as statutory standing in order to contest a forfeiture action." *United States v. $114,031.00 in U.S. Currency*, 284 F.App'x 754, 755 (11th Cir. 2008), *citing United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1543-44 (11th Cir.1987). To establish Article III standing, a claimant "must demonstrate a sufficient interest in the property." *United States v. $38,000.00 Dollars in U. S. Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987). "At the heart of Article III standing is the existence of an injury, not ownership." *Via Mat Int'l South America Ltd. v. United States*, 446 F.3d 1258, 1262 (11th Cir. 2006). "Ownership of property that has been seized can be evidence of the existence of an injury that is direct enough to confer standing, but ownership is not required; non-owners, such as bailees or those with possessory interests, can also have injuries resulting from the seizure of property that are sufficient to establish standing." *Via Mat Int'l*, 446 F.3d at 1262. To establish statutory standing, a claimant must "state his interest in the property," and sign his claim "under penalty of perjury." Supplemental Rule G(5)(a)(i). "'The burden of establishing standing in forfeiture proceedings is on the claimant.'" *United States v. $114,031.00 in U.S. Currency*, 284 F. App'x 754, 756 (11th Cir. 2008), *quoting United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437, 1439 (11th Cir.1984).

  Unfortunately, the Claimants did not respond to the Plaintiff's motions to strike

their claims for lack of standing. Instead, Artago Wilson filed a motion for summary judgment contending that the Plaintiff had failed to meet its burden in showing probable cause. *See* Artago Wilson's Mot. for Summ. J., doc. 33, p. 4, filed July 23, 2010. Because standing is a threshold issue, the court cannot consider the issue of whether the government had probable cause to seize the defendant property unless and until the court determines that the claimants have standing to contest the forfeiture. *United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987).

In this case, both Artago Wilson and Tamika Wilson claim an interest in the defendant currency, but have failed to provide any evidence of their ownership interest in the defendant currency other than their assertions of ownership. Although "a claimant need not prove his case to establish standing to bring suit," *United States v. $543,190.00 in U.S. Currency*, 535 F.Supp.2d 1238, 1249 (M.D. Ala. 2008), a claimant must "'come forth with *some* evidence of his ownership interest in order to establish standing to contest a forfeiture.'" *United States v. $543,190.00 in U.S. Currency*, 535 F.Supp.2d at 1249, *quoting United States v. $38,570 United States Currency*, 950 F.2d 1108, 1112 (5th Cir. 1992) (emphasis in original). Other than her Statement of Interest in Property, Tamika Wilson has not provided any evidence of ownership interest in the defendant currency. "A 'bare assertion of ownership of the

*res*, without more, is inadequate to prove an ownership interest sufficient to establish standing." *United States v. $543,190.00 in U.S. Currency*, 535 F.Supp.2d at 1249, *citing United States v. $38,570 United States Currency*, 950 F.2d at 1112. Because Tamika Wilson has failed to provide any evidence of an ownership interest, the court finds that she has failed to meet their burden in demonstrating Article III standing. For this reason, the Plaintiff's motion to strike is due to be granted as to Tamika Wilson's claim.

Likewise, Artago Wilson has failed to provide any evidence of ownership interest in the defendant currency, other than his Statement of Interest in Property. Although Artago Wilson does not raise the fact in support of his claim, he did have a possessory interest in the defendant currency at the time of seizure because the defendant currency was found in a room rented to him. This fact is supported by the Plaintiff's verified complaint in which the Plaintiff stated that during a search of Room 315 at the Eastwood Motel on January 25, 2007, "officers found . . . a game box containing the defendant $118,020 in U.S. currency." Compl., ¶ 3.(a), doc. 1, filed June 13, 2007. Further, "a review of the records by [Birmingham Police Department] officers showed that Artago Wilson rented Room 315 on January 19, 2007, and pre-paid for that room through January 26, 2007." Compl., ¶ 3.(b), doc. 1. "[A] possessory interest generally is constitutionally sufficient for claims in forfeiture

actions." *United States v. $260,242.00 U. S. Currency*, 919 F.2d 686, 687-88 (11th Cir. 1990). Based upon Artago Wilson's possessory interest coupled with his claim that he is the owner of the defendant currency, he has met his burden in establishing Article III standing. Artago Wilson also meets the statutory standing requirement because he has filed a statement of interest in the defendant currency under penalty of perjury as required by Supplemental Rule G(5)(a)(I). He has therefore shown that he has both statutory and Article III standing.[1]

II.  Did probable cause for the forfeiture exist?

The court must next determine whether there was probable cause for the forfeiture. "The government . . . bears the burden of establishing probable cause for the belief that the property to be forfeited is substantially connected to drug dealing." *United States v. $121,100.00 in U.S. Currency*, 999 F.2d 1503, 1505 (11th Cir. 1993), *citing United States v. Twenty Cashier's Checks*, 897 F.2d 1567, 1568-69 (11th Cir.1990); *United States v. $41,305.00*, 802 F.2d 1339, 1343 n. 6 (11th Cir.1986). "To demonstrate probable cause for forfeiture under 21 U.S.C. § 881(a)(6), the

---

[1] Artago Wilson has limited his claim in the defendant $118,020 in U.S. currency to the amount of $70,000. Artago Wilson's Answers to Interog., p. 2, Ex. D, doc. 30, Pl.'s Evid. Submission in Supp. of Mot. to Strike, filed July 9, 2010. With regard to the remainder of the defendant currency, Artago Wilson does not have Article III or statutory standing. Thus, to the extent of $48,020 in the defendant currency, Artago Wilson's claim against the defendant currency must be stricken. However, because the court ultimately concludes that Artago Wilson has failed to meet his ultimate burden in demonstrating that he derived the currency from a legitimate source, it is not necessary to strike the portion of his claim that exceeds $70,000.

government must present evidence furnishing a 'reasonable ground for belief' that a substantial connection exists between the property to be forfeited and an illegal exchange of a controlled substance." *United States v. $121,100.00 in U.S. Currency*, 999 F.2d at 1506 (citations omitted). "A 'reasonable ground for belief' is less than *prima facie* proof but more than mere suspicion." *United States v. $121,100.00 in U.S. Currency*, at 1506 (citations omitted). In addition, "[t]he government need not connect the defendant currency to any particular drug transaction." *Id.*, at 1508 (citations omitted). "In evaluating the evidence of proceeds traceable to drug transactions, we have eschewed '"clinical detachment"' and endorsed 'a common sense view to the realities of normal life' applied to the 'totality of the circumstances.'" *United States v. Carrell*, 252 F.3d 1193, 1201 (11th Cir. 2001), *citing United States v. Four Million, Two Hundred Fifty-Five Thousand*, 762 F.2d 895, 903-04 (citation omitted).

In this case, the search of the motel room registered to Artago Wilson revealed "a shotgun, a set of digital scales, approximately three to five grams of cocaine base ("crack"), and a game box containing the defendant $118,020 in U.S. currency." (Compl., ¶ 3.(a), doc. 1, filed June 13, 2007). In addition, "Artago Wilson had prior arrests and/or convictions for drug-related offenses." (Artago Wilson's Resp. to Requested Admis., doc. 18, ¶ 13). Based upon the items found during the search and

Artago Wilson's "history of drug violations, a reasonable person could believe that such illegal activity was in fact the exchange of a controlled substance." *United States v. $121,100.00 in United States Currency*, 999 F.2d at 1508. For this reason, the Plaintiff has established probable cause for the forfeiture.

III.    <u>Was the property derived from a legitimate source?</u>

"Once the Government has met its burden [in establishing probable cause], the ultimate burden falls upon the claimant to prove by a preponderance of the evidence a defense to the forfeiture, such as the innocent owner defense, . . . or that the property derived from a legitimate source." *United States v. Two Parcels of Real Property Located in Russell County, Ala.*, 92 F.3d 1123, 1126 (11th Cir. 1996) (citations omitted). Artago Wilson did not address this issue in his motion for summary judgment. In reviewing the pleadings, it does not appear that Artago Wilson has asserted the innocent owner defense. Thus, the court must determine whether the property was derived from a legitimate source.

According to the Plaintiff, "a review of Artago Wilson's employment history for 2006 and early 2007 shows that Artago Wilson lacks an adequate source of legitimate income to account for the possession of the defendant currency in January 2007." Compl., ¶ 3.(c), doc. 1. In addition, the Plaintiff requested that Artago Wilson answer the following interrogatory:

> 4. For each of the last 10 years, state your gross income for each year and the source(s) of each portion of your income for each year (including but not limited to employers of any kind, student loans, insurance payouts, other loans or credit extended, gifts inheritance, wages, tips, winnings, stipends, allowances, donations, investment income, *etc.*). Include the full name, address, email address, and telephone number for each source.

Pl.'s Interrog. to Artago Wilson, p. 4, doc. 29-3, filed July 9, 2010. Artago Wilson responded as follows: "Between 2001-2003 I received Charter 35 G.I. Bill benefits from V.A." Artago Wilson Answers to Interrog., p. 2, doc. 29-4, filed July 9, 2010. Aside from this statement, Wilson has failed to produce any evidence to show that the defendant currency derived from a legitimate source. "The mere allegation of a highly unlikely legitimate source of income without some support to give the allegation credibility cannot constitute an issue of material fact defeating summary judgment for forfeiture." *United States v. Two Parcels of Real Property Located in Russell County, Ala.*, 92 F.3d 1123, 1129 (11th Cir. 1996). Artago Wilson has failed to provide <u>any</u> evidence to substantiate his claim that $70,000 of the defendant currency derived from a legitimate source, and has therefore failed to show a genuine issue of material fact on the issue of whether the defendant currency derived from a legitimate source. For this reason, summary judgment is due to be granted in favor of the Plaintiff.

## Conclusion

For the foregoing reasons, the Plaintiff's Motion to Strike the Claim of Tamika Wilson for Lack of Standing (doc. 28) is due to be **GRANTED**, the Plaintiff's Motion for Summary Judgment on Artago Wilson's claim (doc. 27) is due to be **GRANTED**, and Artago Wilson's Motion for Summary Judgment (doc. 33) is due to be **DENIED**.

A separate order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

A separate Order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this the 28th day of September, 2010.

                                                            */s/ Virginia Emerson Hopkins*
                                          **VIRGINIA EMERSON HOPKINS**
                                          United States District Judge